UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

YULANDA GRIFFITHS

    Plaintiff,

vs.

CASE NO.:

DONOVAN L. PARKER d/b/a LAW
OFFICES OF DONOVAN L. PARKER,
and DONOVAN L. PARKER,
Individually,

    Defendant.    /

## VERIFIED COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, YULANDA GRIFFITHS ("Plaintiff"), through undersigned counsel, files this Complaint against Defendant, DONOVAN L. PARKER, Individually and d/b/a LAW OFFICES OF DONOVAN L. PARKER ("PARKER"), and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3. This Court has supplemental jurisdiction over Plaintiff's unjust enrichment claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's unjust enrichment claims form a part of the same case or controversy and arise out of the common nucleus of operative facts as her minimum wage and overtime claims.

## PARTIES

4. At all times material to this action, Plaintiff was a resident of Broward County, Florida.

5. At all times material to this action, Defendant PARKER was, and continues to be, engaged in business specifically the practice of law, in Florida, with a principal place of business in Broward County, Florida.

6. Based on information and belief, at all times material hereto, Defendant PARKER was an individual resident of the State of Florida, Broward County.

7. At all times material hereto, Defendant PARKER regularly exercised the authority to: (a) hire and fire his employees; (b) determine the work schedules for his employees; and (c) control the finances and operations of the Law Offices of Donovan L. Parker.

8. Defendant PARKER is an employer as defined by 29 U.S.C. §201, et seq., in that he acted, directly or indirectly, in the interests of PARKER & CROOKS towards Plaintiff.

9. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

10. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

11. Defendant was, an "employer" within the meaning of the FLSA at all times material to this Complaint.

12. At all times material to this action, Defendant PARKER was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the

"production of goods for commerce" within the meaning of the FLSA. The Law Office provided, and produces legal work product in exchange for compensation.

13. Based upon information and belief, the annual gross revenue of Defendant PARKER was in excess of $500,000.00 per annum during the relevant time periods.

14. At all times material to this action, Defendant had two (2) or more employees specifically, at least Parker, individually, and Plaintiff, handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

15. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that she:

      a. Used channels of commerce in using the internet for business purposes regularly during the course of her employment, and by collecting monies from clients;

      b. Communicated across state lines, specifically by mail and telephone with Defendant's clients in Texas and New York, and by using the internet to develop online materials for Defendant's business; and/or

      c. Performed work essential to any of the preceding activities.

16. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

17. On or about January 2012, Defendant hired Plaintiff to work as a non-

exempt hourly-paid "Legal Secretary," working for Defendant's law office.

18. Plaintiff's job duties included, but were not limited to, transcribing dictations, answering phones, preparing letters, scheduling appointments, and collecting monies from clients.

19. At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a workweek.

20. From at least January 2012, and continuing through June, 2012, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

21. In fact, in most weeks of her employment, Plaintiff was not paid at all.

22. On January 24, 2013, undersigned counsel wrote to Defendant, informing him that it appeared that Plaintiff had not been compensated properly under the FLSA. A true and correct copy of this correspondence is attached hereto as Exhibit A.

23. On February 13, 2013, undersigned counsel received a response from Defendant (dated January 12, apparently in error), indicating that Plaintiff was not compensated for her work because she was a "voluntary unpaid intern." A true and correct copy of this correspondence is attached hereto as Exhibit B.

24. Further, this correspondence purported to attach communications allegedly sent or given by Defendant to Plaintiff. *See* Exhibit B.

25. Plaintiff's signature does not appear on any of the documents in Exhibit B. *Id.*

26. In an effort to avoid litigation against a fellow member of the bar, undersigned counsel attempted to give Defendant time to reconsider HIS position, and

again wrote to Defendant on April 8, 2013, explaining the reasons for Plaintiff's belief that Defendant's classification of Plaintiff as a voluntary unpaid intern was improper and not in compliance with the law. A true and correct copy of this correspondence is attached here to as Exhibit C.

27. On April 22, 2013, Defendant responded to Plaintiff's communication, again admitting that Plaintiff was not compensated for her work, but denying liability under the FLSA because of Plaintiff's alleged status as a voluntary unpaid intern. A true and correct copy of this correspondence is attached hereto as Exhibit D.

28. On May 28, 2013, Plaintiff's counsel again wrote to Defendant, attaching a prior draft of this Complaint, and requesting response by June 4, 2013 in order to avoid litigation. A true and correct copy of this correspondence is attached hereto as Exhibit E (without attachments).

29. Plaintiff was not engaged in any course of study during the time that she performed services for Defendant.

30. Plaintiff did not have the educational prerequisites to attend Broward Community college.

31. Plaintiff did not receive any school credit for the work she performed for Defendant.

32. Plaintiff performed a service necessary to the functioning of Defendant's office.

33. Defendant employed no other legal secretary, assistant or paralegal while Plaintiff worked for Defendant.

34. Defendant did provide Plaintiff with some compensation for the work she

performed.

35. Defendant derived an immediate benefit from the work that Plaintiff performed.

36. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

37. Upon information and belief, Defendant is in possession of records of Plaintiff's pay and time.

38. Defendant has violated Title 29 U.S.C. §207 from at least January 2012 continuing through June 2012, in that:

    a. Plaintiff worked in excess of forty (40) hours per workweek for the period of employment with Defendant;

    b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

    c. Defendant has failed to maintain proper time records as mandated by the FLSA;

39. Defendant has violated Title 29 U.S.C. §206 from at least January 2012 continuing through June 2012, in that:

    a. He has failed to pay Plaintiff proper minimum wage for all of her hours worked for Defendant as required by the FLSA;

  b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff and similarly situated employees at the statutory minimum wage for each hour worked as provided by the FLSA; and

  c. Defendant has failed to maintain proper time records as mandated by the FLSA;

40. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Plaintiff did not meet the applicable test to qualify as an unpaid intern, and Defendant knew or should have known that, under the law, he was obligated to compensate Plaintiff for her work.

41. Defendant failed and/or refused to properly disclose or apprise Plaintiff of her rights under the FLSA.

42. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

43. Plaintiff re-alleges paragraphs 1 through 42 of the Complaint, as if fully set forth herein.

44. From at least January 2012, and continuing through June 2012, Plaintiff worked in excess of forty (40) hours per workweek for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

45. Plaintiff was, and is, entitled to be paid at the statutory rate of one and

one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

46. At all times material hereto, Defendant failed to maintain proper time records as mandated by the FLSA.

47. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by his failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per workweek when he knew, or should have known, such was, and is, due.

48. Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

49. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

50. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendant for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II
## UNPAID MINIMUM WAGE

51. Plaintiff re-alleges and incorporates paragraphs 1 through 42 of the Complaint, as if fully set forth herein.

52. Plaintiff was entitled to be paid minimum wage for each hour worked

during her employment with Defendant.

53. Defendant failed to pay Plaintiff minimum wage for each hour worked.

54. In fact, in at least some weeks during which Plaintiff performed services for Defendant, Defendant failed to pay her at all.

55. Defendant had specific knowledge that he was paying sub-minimum wage to Plaintiff, but still failed to pay Plaintiff at least minimum wage for all her hours worked.

56. At all times material hereto, Defendant failed to maintain proper time records as mandated by the FLSA.

57. Defendant willfully failed to pay Plaintiff the federal minimum wage for one or more weeks of work in violation of 29 U.S.C. § 206.

58. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wage for one or more weeks of work with Defendant.

59. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendant for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT III
## UNJUST ENRICHMENT

60. Plaintiff realleges and incorporates paragraphs 1 through 42 of the Complaint as if fully set forth herein.

61. Plaintiff performed work for Defendant's law office.

62. Defendant did not compensate Plaintiff for some or all of the work she performed for Defendant.

63. The work that Plaintiff performed conferred a benefit upon Defendant, and it would be unjust to permit Defendant to retain the value of that benefit without compensating Plaintiff for same.

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendant for actual damages, as well as costs, expenses and attorneys' fees pursuant to Florida § 448.08 and such other relief deemed proper by this Court.

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: this 5th day of June, 2013.

Respectfully submitted,

Angeli Murthy, Esquire
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Ste. 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-424-8317
E-mail: Amurthy@forthepeople.com

Trial Counsel for Plaintiff

## 28 U.S.C. § 1746 Declaration Under Penalty of Perjury

I, <u>Yulanda Griffiths</u> declare under penalty of perjury that the foregoing Complaint against Donovan L. Parker, Individually, and d/b/a Law Offices of Donovan L. Parker, is true and correct to the best of my knowledge.

Executed on this 5th day of June 2013.

*[signature]*
**Yulanda Griffiths**