IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

YULANDA GRIFFITHS,

   Plaintiff,

   vs.                                      CASE NO.: 13-cv-61247-Marra/Matthewman

DONOVAN L. PARKER d/b/a LAW
OFFICES OF DONOVAN L. PARKER,
and DONOVAN L. PARKER, individually

   Defendants.

_____/

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

**COMES NOW**, Defendant, DONOVAN L. PARKER d/b/a LAW OFFICES OF DONOVAN L. PARKER, and DONOVAN L. PARKER, individually (hereinafter "Defendant"), by and through the undersigned counsel, and files this Answer, Affirmative Defenses, and Counterclaim to Plaintiff's Complaint.

   1. Defendant admits that this action is within the Court's jurisdiction as it was brought under the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. § 201, et seq., but otherwise is without knowledge and/or information sufficient to either admit or deny the allegations contained in paragraph 1 of the Complaint.

   2. Defendant admits only that Plaintiff brought this action pursuant to 28 U.S.C. § 1331, but is otherwise without knowledge and/or information sufficient to either admit or deny the allegations contained in paragraph 2 of the Complaint.

3. Defendant admits only that Plaintiff brought the unjust enrichment count pursuant to 28 U.S.C. § 1367(a), but is otherwise without knowledge and/or information sufficient to either admit or deny the allegations contained in paragraph 3 of the Complaint.

4. Admit.

5. Admit.

6. Admit.

7. Deny.

8. Deny.

9. Deny.

10. Deny.

11. Deny.

12. Defendant is without knowledge and/or information sufficient to either admit or deny the allegations in paragraph 12 of the Complaint.

13. Deny.

14. Deny.

15. Deny.

16. Deny.

17. Deny.

18. Deny.

19. Deny.

20. Deny.

21. Deny.

22. Defendant admits only that Plaintiff's counsel wrote the letter to Defendant, but is otherwise without knowledge and/or information sufficient to either admit or deny the allegations in paragraph 22 of the Complaint.

23. Admit.

24. Defendant admits only that the letters that were sent to Plaintiff's counsel had previous letters from Defendant to Plaintiff attached. Defendant is otherwise without knowledge and/or information sufficient to either admit or deny the allegations in paragraph 24 of the Complaint.

25. Admit.

26. Defendant admits only that Plaintiff's counsel wrote the letter to Defendant, but is otherwise without knowledge and/or information sufficient to either admit or deny the allegations in paragraph 26 of the Complaint.

27. Admit.

28. Admit only that Defendant did not receive Plaintiff's counsel's May 28, 2013 letter until after being served with the Complaint in this matter. Defendant is otherwise without knowledge and/or information sufficient to either admit or deny the allegations in paragraph 28 of the Complaint.

29. Defendant is without knowledge and/or information sufficient to either admit or deny the allegations in paragraph 29 of the Complaint.

30. Defendant is without knowledge and/or information sufficient to either admit or deny the allegations in paragraph 30 of the Complaint.

31. Defendant is without knowledge and/or information sufficient to either admit or deny the allegations in paragraph 31 of the Complaint.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

42. Defendant is without knowledge and/or information sufficient to either admit or deny the allegations in paragraph 42 of the Complaint.

**WHEREFORE,** Defendant requests judgment dismissing the Complaint with prejudice, an award of costs of suit and attorney fees, and for such other relief as the Court deems just.

## PLAINTIFF'S RECOVERY OF OVERTIME COMPENSATION CLAIM

43. Defendant adopts its admissions and denials contained in paragraphs 1-42, as if fully set forth herein.

44. Deny.

45. Deny.

46. Deny.

47. Deny.

48. Deny.

49. Deny.

50. Deny.

**WHEREFORE,** Defendant requests judgment dismissing the Complaint with prejudice, an award of costs of suit and attorney fees, and for such other relief as the Court deems just.

## PLAINTIFF'S UNPAID MINIMUM WAGE CLAIM

51. Defendant adopts its admissions and denials contained in paragraphs 1-42, as if fully set forth herein.

52. Deny.

53. Deny.

54. Deny.

55. Deny.

56. Deny.

57. Deny.

58. Deny.

59. Deny.

**WHEREFORE**, Defendant requests judgment dismissing the Complaint with prejudice, an award of costs of suit and attorney fees, and for such other relief as the Court deems just.

## PLAINTIFF'S UNJUST ENRICHMENT CLAIM

60. Defendant adopts its admissions and denials contained in paragraphs 1-42, as if fully set forth herein.

61. Deny.

62. Deny.

63. Deny.

**WHEREFORE,** Defendant requests judgment dismissing the Complaint with prejudice, an award of costs of suit and attorney fees, and for such other relief as the Court deems just.

**AFFIRMATIVE DEFENSES**

1. As to its first affirmative defense, Defendant affirmatively alleges that Plaintiff has failed to state a cause of action or fails to state claims upon which relief can be granted.

2. As to its second affirmative defense, Defendant affirmatively alleges that to the extent the Plaintiff seeks equitable relief, Plaintiff's inequitable conduct constitutes unclean hands and therefore bars the granting of relief to Plaintiff herein.

3. As to its third affirmative defense, Defendant affirmatively alleges that Plaintiff breached its unpaid internship agreement, if any, with Defendant, and by reason of said unpaid internship agreement, Defendant has been excused of its duties to perform all obligations set forth in said agreement.

4. As to its fourth affirmative defense, Defendant affirmatively alleges that Defendant has suffered damage by reason of Plaintiff's conduct; that Defendant has the right of offset if any amount of money is owed to Plaintiff or due Plaintiff by way of damage.

5. As to its fifth affirmative defense, Defendant affirmatively alleges that the claims alleged in the Complaint arose from the recovery of overtime compensation, unpaid minimum wage and unjust enrichment by Plaintiff or other entities or a combination thereof for which Defendant is not responsible.

6. As to its sixth affirmative defense, Defendant affirmatively alleges that any loss or damage is subject to limitations by law, statute, unpaid internship agreement, standard terms and conditions or otherwise.

7. As to its seventh affirmative defense, Defendant affirmatively alleges Defendant is entitled to all defenses in the applicable unpaid internship agreement.

8. As to its eighth affirmative defense, Defendant affirmatively alleges that Plaintiff's damages, if any, are subject to limitation by the unpaid internship agreement, or otherwise.

9. As to its ninth affirmative defense, Defendant affirmatively alleges that Plaintiff's claims are barred by the applicable statute of limitations and/or the doctrine of laches, or other applicable time limitation, and the Complaint should be dismissed.

10. Defendant reserves the right to amend this pleading to reflect additional affirmative defenses as may be revealed though discovery and further pleadings.

**WHEREFORE,** Defendant requests judgment dismissing the Complaint with prejudice, an award of costs of suit and attorney fees, and for such other relief as the Court deems just.

## COUNTERCLAIM BY DEFENDANTS AGAINST PLAINTIFF

For its Counterclaim against Plaintiff, Defendant hereby states the following:

1. This Court has supplemental jurisdiction over Defendant's Counterclaims pursuant to 28 U.S.C. § 1367(a) because Defendant's unjust enrichment claim forms a part of the same case and controversy and arise out of the common nucleus of operative facts.

2. At all times material hereto, Defendant was a resident of Broward County, Florida.

3. At all times material hereto, Plaintiff was a resident of Broward County, Florida.

## STATEMENT OF FACTS

4. On or about March 8, 2012, Defendant interviewed the Plaintiff for a Voluntary Unpaid Internship position at Defendant's law office.

5. Plaintiff also indicated that she had no place of abode, and requested a place to reside while completing the Voluntary Unpaid Internship.

6. Defendant obliged and provided Plaintiff with a place of abode, while she was completing the Voluntary Unpaid Internship position.

7. Plaintiff agreed to seek no benefit from Defendant, other than the experience she would acquire while completing the Voluntary Unpaid Internship.

8. On or about May 28, 2012, and after multiple warnings to Plaintiff to refrain from using the internet for going on FaceBook, Defendant provided Plaintiff with a written warning of same.

9. In the May 28, 2012 letter, Defendant informed Plaintiff that she would be terminated from the Voluntary Unpaid Internship position if she didn't heed the warnings of refraining from using the internet to go on FaceBook.

10. On or about July 12, 2012, Defendant effectively terminated Plaintiff from the Voluntary Unpaid Internship position.

## **UNJUST ENRICHMENT**

11. Defendant realleges and incorporates paragraphs 1 through 10 of the Counterclaim as if fully set forth herein.

12. Plaintiff resided at Defendant's property from mid-March 2012 to mid-July 2012.

13. Plaintiff did not compensate Defendant for the period of time that Plaintiff resided at Defendant's property.

14. Plaintiff benefited from residing at Defendant's property because she had nowhere else to reside.

15. Plaintiff received a benefit from residing at Defendant's property and it would be unjust for Plaintiff to retain that benefit, without compensating Defendant.

**WHEREFORE**, Defendant requests a judgment entered in his favor and against Plaintiff for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief that this Court deem just as proper.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 17th day of July, 2013, a true and correct copy of the above and foregoing has been electronically filed with the Clerk of the Court using CM/ECF to:

Morgan & Morgan
c/o: Angeli Murthy, Esquire
600 North Pine Island Road, Suite 400
Plantation, FL 33324
Amurthy@forthepeople.com

Respectfully submitted,

/s/Donovan L. Parker
LAW OFFICES OF DONOVAN L. PARKER
DONOVAN L. PARKER, ESQUIRE
FBN: 0580953
PO BOX 245336
PEMBROKE PINES, FL 33024
Counsel for Defendant
dparkerlaw@yahoo.com
Tel: (954) 251-1103